UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ALONZO O'NEAL COLE,

    Plaintiff,

v.    Case No. 3:24cv517-LC-HTC

ASSISTANT WARDEN DAVIS, et al.,

    Defendants.

_____/

REPORT AND RECOMMENDATION

Plaintiff Alonzo O'Neal Cole, a prisoner proceeding *pro se* and *in forma pauperis*, has complied with the Court's October 23, 2024 Order by submitting the initial partial filing fee of $55.45. Doc. 6. He has also filed an amended civil rights complaint under 42 U.S.C. § 1983, alleging the Defendant prison officials failed to protect him from Blood gang members. Doc. 5. However, after reviewing the amended complaint, the undersigned concludes this case should be dismissed without prejudice as malicious under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1) due to Cole's abuse of the judicial process in failing to accurately disclose his litigation history.

**I.    Legal Standard**

Because Cole is a prisoner proceeding *in forma pauperis* and seeking relief from government employees, the Court must dismiss his complaint, or any portion

thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

## II.  Failure to Accurately Disclose Litigation History

Section VIII of the Northern District of Florida's civil rights complaint form, titled "Prior Litigation," asks the following question: "Have you filed any other lawsuit, habeas corpus petition, or appeal in ***state or federal court*** either challenging your conviction or relating to the conditions of your confinement?"  Doc. 5 at 15. Cole answered "no" and did not identify any prior litigation as being responsive to the question.  At the end of the amended complaint, Cole signed his name after the following statement: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct."  *Id.* at 17-18.  Thus, Cole has in effect stated that at the time he filed the amended complaint, he had not filed any cases in state or federal court which related to the conditions of his confinement.

As a matter of course, the Court attempts to independently investigate whether litigants truthfully complete the complaint forms.  Upon such an investigation, the undersigned takes judicial notice Cole previously filed *Cole v. City of Jacksonville, et al.*, Case No. 2021 CA 5362, in the Circuit Court for the Fourth Judicial Circuit,

Duval County, Florida, in October 2021.[1]  In the case, Cole alleged the COVID-19 protocols in place while he was a detainee in Duval County were inadequate.[2]  The City of Jacksonville removed the case to the Middle District of Florida on September 16, 2022, where it was assigned Case No. 3:22cv1004-BJD-PDB and dismissed without prejudice due to Cole's lack of prosecution on December 21, 2022.  Because the case related to the conditions of his confinement, Cole should have disclosed the existence of it in response to the question on the complaint form.  However, he failed to do so.[3]

Cole's *pro se* status does not excuse him from conforming to acceptable standards when interacting with the Court.  If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice.  The Court will not tolerate false responses or statements in any pleading or motion filed before it.  Also, Cole knew from reading the complaint form that disclosure of all prior cases was required.  The complaint form expressly warns prisoners: ***"[F]ailure to disclose all prior state and federal cases—including, but not limited to civil cases,***

---

[1] The relevant records from Cole's state court case in Duval County can be viewed online at https://core.duvalclerk.com/CoreCms.aspx?mode=PublicAccess.  Furthermore, in addition to bearing Cole's full name, the signature on the state court complaint matches the signature on the amended complaint in this case, which confirms Cole filed the state court case.

[2] The undersigned notes Cole actively litigated the case while it was pending in state court, including by filing a response to a motion to dismiss and, later, an amended complaint.  This active participation, combined with the recency of the case, supports a finding that Cole should have known to disclose the existence of the case on the complaint form.

[3] Cole did not disclose the existence of this case in either the original or amended complaint.

Case No. 3:24cv517-LC-HTC

***habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified."*** Doc. 5 at 11. Nevertheless, Cole made a false representation in his amended complaint. If Cole suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.

The Court should not allow Cole's false response to go unpunished. An appropriate sanction for Cole's failure to provide the Court with true factual responses is to dismiss this case without prejudice. *See Bratton v. Sec'y DOC*, 2012 WL 2913171, at *1 (M.D. Fla. July 16, 2012) (dismissing case without prejudice when prisoner failed to disclose one prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) (same); *see also Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence. It would invite other prisoners to omit their litigation history, thus draining the judicial system's time and resources."). As one district judge from this District stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete

Case No. 3:24cv517-LC-HTC

information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, Case No. 4:19cv191-RH-HTC, Doc. 52 (N.D. Fla. June 7, 2020).

Indeed, "[a] plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE as malicious under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1) for Cole's abuse of the judicial process.

2. That the clerk close the file.

At Pensacola, Florida, this 13th day of November, 2024.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1.

Case No. 3:24cv517-LC-HTC